DAVID R. THOMPSON, Circuit Judge:
When Fred Lieberman reached 65 years of age, he sold his business. The buyer agreed, in part, to pay him $13,600 per calendar quarter over a ten-year period for his three-year covenant not to compete. When the sale closed, Lieberman retired.
Several years later, the Liebermans filed a Chapter 7 bankruptcy petition. They contended the quarterly payments were exempt from claims of their creditors, pursuant to California Code of Civil Procedure (Cal.Civ.Proc.Code) § 704.115(a)(1), which provides an exemption for “private retirement plans.” The bankruptcy court denied the exemption claim, the district court affirmed, and this appeal followed.[1]
We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm. We conclude the California legislature intended the exemption provided by Cal.Civ.Proc. Code § 704.115(a)(1) to apply to a retirement plan created by a private employer or employee organization, as opposed to an arrangement by an individual to use specified assets for retirement purposes. Accordingly, we agree with the bankruptcy and district courts, and hold that the quarterly payments are not exempt as a “private retirement plan” under Cal.Civ.Proc. Code § 704.115(a)(1).
FACTS
In 1991, when Fred Lieberman sold his business and retired, he had no investments, no retirement accounts, and no annuities. He planned that he and his wife would use the ten-year income stream from the non-competition agreement, and their social security benefits, to support them in their retirement. They had no other source of income.
The Liebermans’ golden years turned out to be quite different from what they expected. Their daughter died giving birth to their granddaughter. Their son-in-law turned the care of the granddaughter over to his parents. In 1996, the granddaughter’s welfare was placed in jeopardy, and the Liebermans took legal steps to gain her custody. They incurred substantial expense for travel, attorney fees, counseling and support, all for their grandchild. Mr. Lieberman also had hip-replacement surgery. Between medical expenses for the hip replacement, and expenses related to their granddaughter, the Liebermans found themselves unable to pay their bills, and they filed for Chapter 7 bankruptcy.
In their amended schedules filed in the bankruptcy proceeding, the Liebermans claimed that the payments from the non-competition agreement, which they valued at $272,000, were exempt from inclusion in their bankruptcy estate, because the payments constituted a “private retirement plan” under Cal.Civ.Proc.Code § 704.115(a)(1). The bankruptcy court disallowed the exemption, and the district court affirmed that ruling.
DISCUSSION
The scope of an exemption under Cal.Civ.Proc.Code § 704.115 is a question of law, which we review de novo. See Bloom v. Robinson (In re Bloom), 839 F.2d 1376, 1378 (9th Cir.1988). The statute provides in relevant part:
(a) As used in this section, “private retirement plan” means:
*1092 (1) Private retirement plans, including, but not limited to, union retirement plans.
(2) Profit-sharing plans designed and used for retirement purposes.
(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.
(b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt.
. . . . .
(d) After payment, the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt.
(e) Notwithstanding subdivisions (b) and (d), except as provided in subdivision (f), the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires or for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires....
Cal.Civ.Proc.Code § 704.115 (2000).
Mrs. Lieberman contends that the ten-year stream of income from the non-competition agreement qualifies as a “private retirement plan” under § 704.115(a)(1) because it was designed and used to support her and her husband in their retirement. See Bloom, 839 F.2d at 1378 (stating that the fundamental inquiry in determining whether a private retirement plan qualifies for exemption is whether the plan was designed and used for a retirement purpose); DeMassa v. MacIntyre (In re MacIntyre), 74 F.3d 186, 188 (9th Cir.1996) (stating that the purpose of § 704.115 “is to safeguard a stream of income for retirees at the expense of bankruptcy creditors.”).
According to Mrs. Lieberman, “[t]he language of § 704.115(a)(1) is reasonably susceptible to an interpretation that, regardless of its label, any device by which a debtor, in good faith, establishes a stream of income for receipt and use to support himself or herself and his or her dependents in his or her retirement years, is an exempt ‘private retirement plan.’ ” Because exemption statutes are to be liberally construed for the benefit of the debtor, see Schwartzman v. Wilshinsky, 50 Cal.App.4th 619, 57 Cal.Rptr.2d 790, 797 (1996), Mrs. Lieberman contends we should interpret Cal.Civ.Proc.Code § 704.115(a)(1) as she suggests.
In interpreting the statute, we apply California rules of construction. See Lares v. West Bank One (In re Lares), 188 F.3d 1166, 1168 (9th Cir.1999). Under California law, the cardinal rule of statutory construction is to determine the intent of the legislature. See Drouet v. Superior Court, 86 Cal.App.4th 1237, 104 Cal. Rptr.2d 159, 169 (2001). To determine that intent, a court looks first to the language of the statute and gives effect to its plain meaning. See Hale v. Southern Cal. IP A Med. Group, Inc., 86 Cal.App.4th 919, 103 Cal.Rptr.2d 773, 776 (2001). If the intent of the legislature is not clear from the language of the statute, legislative history may be considered. See id.
*1093 As other courts have recognized, the intent of the California legislature in enacting § 704.115(a)(1) is not clear from the face of the statute. See In re Rogers, 222 B.R. 348, 351 (Bankr.S.D.Cal.1998) (“C.C.P. § 704.115(a)(1) is vague and undefined.”); In re Phillips, 206 B.R. 196, 200 (Bankr.N.D.Cal.1997) (stating that § 704.115(a)(1) “curiously and unhelpfully defines ‘private retirement plan’ as a ‘Private retirement plan’ ”); id. at 202 (“[T]he California Legislature has not defined a ‘private retirement plan’ as the term is used in Section 704.115 in any meaningful way.”).[2] The legislative history, however, indicates that § 704.115(a)(1) was intended to exempt retirement plans established or maintained by private employers or employee organizations, not arrangements by individuals to use specified assets for retirement purposes.
Prior to 1970, the California Code of Civil Procedure exempted only money held for, or received by, members of public retirement plans. The relevant provisions read:
690.22. All money received by any person, a resident of the State, as a pension, or retirement or disability or death or other benefit, from the United States Government, or from the State, or any county, city, or city and county, or other political subdivision of the State, or any public trust, or public corporation, or from the governing body of any of them, or from any public board or boards, whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited, loaned or invested by him, is exempt from execution or attachment.
690.23. All money held, controlled or in process of distribution by the State or a city, city and county or other political subdivision of the State, or any public trust, or public corporation, or by the governing body of any of them, or by any public board or boards, derived from the contributions by the State or such city, county, city and county, or other political subdivision, or such public trust, public corporation, governing body, or public board or boards, or by any officer or employee thereof for retirement or pension purposes or the payment of disability, death or other benefits, or benefits payable under the provisions of “An act to establish a system of unemployment reserves for this State, and making an appropriation therefore,” approved June 25, 1935, are exempt from attachment or execution.
Cal.Civ.Proc.Code §§ 690.22 and 690.23 (1937); see also Ogle v. Heim, 69 Cal.2d 7, 69 Cal.Rptr. 579, 579, 442 P.2d 659 (1968) (“Pensions of public employees are exempted by statute from the claims of their creditors.”).
In 1970, the California legislature renumbered Cal.Civ.Proc.Code §§ 690.22 and 690.23 as Cal. Civ.Proc. Code § 690.18(a) and (b) (1970), and added to the statute an exemption for a “private retirement plan” and a “profit-sharing plan *1094 designed and used for retirement purposes”:
Ail money held, controlled, or in process of distribution by any private retirement plan, including, but not limited to, union retirement plans, or any profit-sharing plan designed and used for retirement purposes, or the payment of benefits as an annuity, pension, retirement allowance, disability payment or death benefit from such retirement or profit-sharing plans, and all contributions and interest thereon returned to any member of any such retirement or profit-sharing plan, whether the same shall be in the actual possession of such pensioner or beneficiary, or deposited by him, are exempt from execution, attachment, or garnishment.
Cal.Civ.Proc.Code § 690.18(c) (1970). The addition of “private retirement plan” and “profit-sharing plan designed and used for retirement purposes” placed public and private employees on equal footing — members of either type of retirement plan (public or private) were entitled to exempt their pensions and benefits from claims of their creditors. The 1970 amendment’s reference to “member” of a private retirement plan has been retained in the current statute. See Cal.Civ.Proc.Code § 704.115(d) (2000).
In 1976, the legislature amended the statute to give certain funds created entirely by an individual the same exemption as that given to public and private retirement plans, but limited that exemption to self-employed retirement plans and individual retirement annuities or accounts. See Cal.Civ.Proc.Code § 690.18(c) (1976). In 1978, the legislature further limited the exemption by restricting it to self-employed retirement plans and individual retirement annuities and accounts specified in the Internal Revenue Code, and then only to the extent that the exempt amounts did not exceed the maximum amounts exempt from federal income taxation. See Cal.Civ.Proc.Code § 690.18(c) (1978).
In 1982, the legislature divided Cal.Civ. Proc.Code § 690.18 into two separate statutes: § 704.110 (“Public retirement benefits; rights and benefits under public retirement system; return of contributions from public entity”)[3] and § 704.115 (“Private retirement plans; exemption; periodic payments”). In § 704.115(a)(2), the legislature listed “Profit-sharing plans designed and used for retirement purposes” as one kind of “private retirement plan.” See Cal.Civ.Proc.Code § 704.115(a)(2) (1982). In § 704.115(a)(3), the legislature included self-employed retirement plans and individual retirement accounts and annuities as another kind of “private retirement plan.” See Cal.Civ. Proc.Code § 704.115(a)(3) (1982). The legislature, however, limited the exemp *1095 tion for self-employed retirement plans and individual retirement accounts and annuities to the amount necessary to provide for the support of the debtor and his or her dependents upon retirement. See Cal.Civ.Proc.Code § 704.115(e) (1982). With the exception of this last change, “the new law continue[d] the substance of the existing retirement exemptions.” 16 Cal. L. Revision Comm’n Reports 1088 (1982).
The preceding legislative history leads to the conclusion that the legislature intended § 704.115(a)(1) to exempt only retirement plans established or maintained by private employers or employee organizations, such as unions, not arrangements by individuals to use specified assets for retirement purposes.[4] We find it significant that when the legislature added an exemption for “private retirement plans,” the California Code of Civil Procedure already included an exemption for public retirement plans. The legislature evidently wanted to give both public and private sector employees the benefit of the retirement plan exemption. We also find it significant that the statute continues to refer to a “member” of a private retirement plan. See Cal.Civ.Proc.Code § 704.115(d) (2000). In the context of the statute, the word “member” has an associational connotation.
The use of the word “plan” is also significant. “If [the legislature] intended to exempt assets that debtors simply declare to be intended for retirement (as Debtors have done) it could have said so without reference to ‘plans.’ It could have simply declared as exempt all assets a debtor intends to use for retirement.” In re Phillips, 206 B.R. 196, 202 (Bankr. N.D.Cal.1997). Finally, if a debtor were permitted to exempt a fund created by himself under § 704.115(a)(1), as suggested by Mrs. Lieberman, “the ‘necessary for support’ limitation for plans created by the debtor under [§ 704.115(a)(3) ] would be eviscerated.’ ” In re Rogers, 222 B.R. 348, 351 (Bankr.S.D.Cal.1998).
We recognize our responsibility, when divining legislative intent, to construe an exemption statute liberally for the benefit of the debtor. See Schwartzman, 57 Cal. Rptr.2d at 797. The California legislature’s intent in enacting Cal.Civ.Proc.Code § 704.115(a)(1) is not clear from the language of the statute, but it can be gleaned from the legislative history and from the language used in other parts of § 704.115. These sources clarify the ambiguous language of § 704.115(a)(1), and lead us to the conclusion that § 704.115(a)(1) does not provide an exemption for an arrangement by an individual to use specified assets for retirement purposes. Accordingly, we hold that the ten-year stream of income payable to the Liebermans pursuant to the non-competition agreement Fred Lieberman obtained when he sold his business, and which he intended to use for his retirement, is not exempt as a “private retirement plan” within the meaning of Cal. Civ.Proc.Code § 704.115(a)(1).
AFFIRMED.

. Fred Lieberman died during the pendency of the bankruptcy proceedings.

. We recognize that in DeMassa we stated: "CCP § 704.115 'is perfectly clear, so resort to legislative history is neither called for nor appropriate.’ " DeMassa, 74 F.3d at 188 (citations omitted). However, the part of the statute that was so clear in DeMassa was Cal.Civ.Proc.Code § 704.115(e), not Cal.Civ. Proc.Code § 704.115(a)(1). Specifically, the issue we considered was whether an Internal Revenue Code § 403 retirement plan was fully exempt or subject to the "extent necessary for retirement” exemption limitation under § 704.115(e). We concluded that "the statutory language is clear that the subsection (e) limitation applies only to subparagraph (3) plans, which are either self-employed plans or individual retirement accounts and annuities (IRAs).” Id.; see also In re Witwer, 148 B.R. 930, 941 (Bankr.C.D.Cal. 1992) (same).

. Cal.Civ.Proc.Code § 704.110 (2000) provides in relevant part:
(a) As used in this section:
(1) “Public entity" means the state, or a city, city and county, county, or other political subdivision of the state, or a public trust, public corporation, or public board, or the governing body of any of them, but does not include the United States except where expressly so provided.
(2) "Public retirement benefit” means a pension or an annuity, or a retirement, disability, death, or other benefit, paid or payable by a public retirement system.
(3)“Public retirement system” means a system established pursuant to statute by a public entity for retirement, annuity, or pension purposes or payment of disability or death benefits.
(b) All amounts held, controlled, or in process of distribution by a public entity derived from contributions by the public entity or by an officer or employee of the public entity for public retirement benefit purposes, and all rights and benefits accrued or accruing to any person under a public retirement system, are exempt without making a claim.

. Private retirement plans created by closely-held corporations, however, are entitled to the § 704.115(a)(1) exemption. See Cheng v. Gill, 943 F.2d 1114, 1116-17 (9th Cir.1991);