Filed 12/4/14  Gross v. Gross CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ELENA GROSS, | |
| Plaintiff and Appellant, | E057575 |
| v. | (Super.Ct.No. INC10002737) |
| CAROL GROSS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.

Affirmed.

Elena Gross, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

I

INTRODUCTION

In this action, plaintiff Elena Gross asserts her former husband, Timothy Gross,

1

and his stepmother and father, Carol Gross and Phillip Gross, (defendants)[1] breached

their support obligation under affidavits of support they signed as part of Elena's

naturalization. The trial court issued a writ of execution on the preliminary injunction

ordering defendants to pay Elena the agreed-upon support. Carol filed a claim of

exemption, which the trial court granted in part and denied in part. Elena appeals the

October 16, 2012 order. She contends the trial court should have denied Carol's entire

claim of exemption.

We conclude there was substantial evidence establishing Carol received wages

amounting to $3,579.41, which were not subject to a claim of exemption. Since the

evidence showed that only $579.41 in wages was deposited in Carol's bank account,

those were the only wages subject to levy. We further conclude the trial court should not

have reduced that amount subject to levy by 25 percent. In addition, we conclude the

trial court correctly granted Carol's claim of exemption as to funds disbursed from

Carol's 401K account. The trial court's order is modified to reflect that $579.41 in

earnings deposited in Carol's Wells Fargo Bank account is not exempt and is subject to

levy. The order is otherwise affirmed.

II

FACTS AND PROCEDURAL BACKGROUND

In October 2001, Timothy, Phillip, and Carol (defendants) signed Affidavits of

---

[1] We refer to the parties by their first names, as a convenience to the reader. We do not intend this informality to reflect a lack of respect.

2

Support,[2] required for Elena to immigrate to the United States under the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996. Defendants agreed in their affidavits (sponsorship agreements) that they would be jointly and individually liable for providing Elena with support up to 125 percent of the federal poverty level. In April 2010, after defendants stopped paying Elena support, Elena filed a breach of contract complaint. Later, Elena filed first and second amended complaints against defendants for breach of defendants' immigrant sponsorship agreements.

On July 26, 2010, the trial court granted Elena a preliminary injunction, concluding that damages under Elena's breach of contract claim would not adequately compensate Elena. The court ordered defendants, jointly and individually, to provide Elena during pendency of the instant action, with $1,128.12 a month in support, amounting to 125 percent of the federal poverty level.

In March 2012, Philip died. A month later, Elena informed the court during a hearing on her discovery motion that she intended to proceed against his estate.

In May 2012, the court issued a writ of execution to enforce the preliminary injunction order. In July 2012, Elena filed a motion for assignment of Carol's wages. The court granted the motion on August 8, 2012. On August 20, 2012, Carol also executed a claim of exemption under Code of Civil Procedure section 704.115.[3] Carol

---

[2] United States Department of Justice, Immigration and Nationalization Service Form I-864.

[3] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

3

alleged in her claim of exemption petition that her assets were necessary for her own support. Attached to her claim of exemption, Carol provided her financial statement.

On August 27, 2012, Wells Fargo bank sent the levying officer a check in the amount of $571.22. A few days later, the court entered an earnings assignment order, ordering assignment of a portion of Carol's wages to Elena, for monthly support in the amount of $1,163.58 or 25 percent of Carol's wages, whichever is less.

Elena filed opposition to Carol's claim of exemption on the ground Carol's assets were subject to a sponsorship contract, in which Carol agreed to make all of her income and assets available to Elena's primary sponsor, Timothy, to assist him in paying for Elena's support.

On October 16, 2012, the trial court heard Carol's motion for a claim of exemption. Carol submitted a Wells Fargo Bank transaction history statement for the period of July 26 to August 23, 2012, Wells Fargo Bank deposit slips, a 401K distribution statement, and employment earnings statements for June and July 2012. The documents showed Carol had cashed checks from her employer and 401K account, and deposited only a portion of the money in her Wells Fargo Bank account.

During the hearing on Carol's claim of exemption, Carol told the trial court the $310 deposit was from a 401K retirement disbursement of $810. Carol withdrew $500 in cash and deposited the remaining $310. The court concluded the $310 was exempt as a distribution from Carol's 401K. Elena disagreed under sections 706.050 and 704.114, on the ground the sum was a periodic payment. The court concluded those sections were inapplicable to 401k distributions.

4

Carol informed the court at the October 16, 2012 hearing that she deposited two checks in the amounts of $117.08 and $171.49 and these funds also were not subject to levy because the checks were reimbursement from her employer for business expenses. Carol's July/August 2012 bank statement also showed a deposit of $579.41, which Carol said was part of her final paycheck earnings from Circle K, for accrued vacation time.

The court granted in part and denied in part Carol's claim of exemption, finding: "$310 is exempt; that the 579.41 are wages subject to levee at a rate of 25 percent because they are wages," with $144.85 therefore not exempt. The court directed the levying officer to withhold $144.85 of Carol's wages, and release to Carol the remaining earnings held. Elena filed a notice of appeal of the October 16, 2012 order.

III

AFFIDAVITS OF SUPPORT

Elena's support claim against defendants is founded on affidavits of support defendants signed on behalf of Elena in furtherance of allowing her to immigrate to the United States. Under Title 8 United States Code section 1183, immigrants who are deemed likely to become public charges may gain admission to the United States if a sponsor signs United States Citizenship and Immigration Services form I–864, Affidavit of Support, thereby promising to support the sponsored immigrant at no less than 125 percent of the Federal Poverty Guidelines for the immigrant's household size. (See 8 U.S.C. § 1183a(a)(1)(B); *Shumye v. Felleke* (N.D. Cal. 2008) 555 F. Supp. 2d 1020, 1024.) "The requirement under § 1183a that a sponsor promise to maintain the immigrant is intended not only to protect the immigrant from poverty, but to protect the

5

*government* from a public burden." (*Carlborg v. Tompkins* (W.D.Wis., 2010) F.Supp.2d, 2010 WL 4553558, at p. \*4.)

As the form I-864 explains, an affidavit of support creates a contract between the sponsor and the United States government, which can be enforced by the sponsored immigrant as a third-party beneficiary. (8 U.S.C. § 1183a(a)(1)(B).) The sponsor's obligation ends only in the event the sponsored immigrant (1) becomes a United States citizen, (2) works 40 quarters as defined by the Social Security Act, (3) no longer has lawful permanent resident status and permanently leaves the United States, (4) receives a new grant of adjustment of status based on a new affidavit of support, or (5) dies. (8 U.S.C. § 1183a(a)(2)-(3).) Dissolution of marriage between the sponsor and the sponsored immigrant does not terminate the support obligation. (*Liu v. Mund* (7th Cir. 2012) 686 F.3d 418, 423.)

IV

EARNINGS SUBJECT TO LEVY

Elena seeks to enforce defendants' sponsorship agreement to provide her with support by enforcing the preliminary injunction ordering defendants to provide Elena support. Elena contends the trial court erred in limiting the amount of Carol's wages subject to levy to 25 percent of the sum of $579.41, which was only a portion of Carol's final paycheck. Elena argues Carol did not meet her burden under section 704.080 of proving any of Carol's funds were exempt.

Section 704.080 is inapplicable because it concerns deposit accounts and Carol's Wells Fargo bank account is not a deposit account. Under section 704.080, a deposit

6

account is exempt up to a specified amount and the burden is on the debtor to prove the remaining amount is also exempt. (§ 704.080, subds. (a) and (e)(4).) A "'Deposit account' means a deposit account in which payments of public benefits or social security benefits are directly deposited by the government or its agent." (§ 704.080, subd. (a)(1).)

According to Carol's August 2012 financial statement, she received $2,570 in monthly income, consisting solely of social security and 401K disbursement funds. Timothy, who lived with Carol, also contributed an additional $777 in monthly state welfare for children benefits for his two sons. Carol's financial statement shows that her monthly social security benefits ($1,412) were deposited directly into a Bank of America account. Her other income was deposited into a Wells Fargo Bank account. Therefore, only the Bank of America account, which is not at issue in this matter, was a deposit account within the meaning of section 704.080.

Evidence presented at the October 16, 2012 hearing showed that Carol received $3,464.09 in income from working at Circle K in July 2012. According to Carol, this was her final paycheck, which included pay for accrued vacation time. On August 1, 2012, Carol cashed her paycheck and a check for $115.32 at Wells Fargo bank. She received $3,000 in cash from her paycheck and deposited the remaining $579.41 in her Wells Fargo bank account. There was also a Wells Fargo receipt showing that on August 14, 2012, Carol cashed an $810 disbursement check from her 401K account and received $500 in cash, with the remaining $310 deposited in her Wells Fargo bank account. In addition, Carol's Wells Fargo bank statement for July and August 2012, show she made two other deposits, one for $171.49 in July and another in August for $117.08. Carol

7

explained that these were checks from her employer for reimbursement of business expenses.

Elena argues that the trial court underestimated Carol's August 2012 income. The court calculated Carol's August income as $579.41, the portion of Carol's two pay checks from her employer deposited in her Wells Fargo bank account on August 1, 2012. Elena asserts the court should have found Carol's August income amounted to $4,677.98, consisting of $1,177.98 + $3,000 + $500. The amount of $1,177.98 was the total amount of Carol's Wells Fargo bank deposits shown on her July 26 to August 23, 2012 bank statement. Those deposits included the two checks for business reimbursement expenses, and the $579.41 and $310 deposits. $3,000 is the amount Carol received in cash when she cashed her paycheck and $500 is the amount Carol received in cash when she cashed her 401K disbursement check.

The trial court did not consider ordering the $3,000 and $500 sums subject to levy, noting that "You can't levy on money that was never deposited in the account." According to Carol's Wells Fargo bank statement, the only money deposited in Carol's Wells Fargo bank account from Carol's paycheck, was the sum of $579.41, which the court ordered not subject to Carol's claim of exemption. In addition, as discussed below, the $500 sum is exempt as a disbursement from Carol's 401K retirement plan.

The trial court did not abuse its discretion in concluding, based on the evidence before it, that the only traceable employment wages deposited in Carol's Wells Fargo bank account, which were available for levy, was the sum of $579.41. However, we

8

conclude the trial court erred in ordering only 25 percent of that amount ($144.85) not exempt and therefore subject to levy.

There was substantial evidence establishing that Carol received $3,579.41 in earnings, which were not exempt. There was a Circle K earnings statement showing Carol's employer paid Carol $3,464.09, and Carol stated that this amount was her final paycheck for accrued vacation time. There was also a Wells Fargo Bank deposit slip showing that Carol cashed the check, received $3,000 in cash, and deposited $579.41 in her Wells Fargo Bank account. The deposited sum consisted of the remaining amount from the $3,464.09 check, along with the deposit of Carol's monthly Circle K wages check of $115.32. This evidence showed that Carol received $3,579.41 in earnings. In accordance with the July 2010 preliminary injunction and August 2012 earnings assignment order, Elena was therefore entitled to $894.85 from Carol's earnings (25 percent of $3,579.41). However, since only $579.41 in wages was deposited in Carol's Wells Fargo Bank account, and all other funds in the account were subject to a claim of exemption, only $579.41 was subject to levy.

To the extent the court ordered the $579.41 amount subject to levy reduced by 25 percent, we conclude this was error because there was substantial evidence Carol received $3,579.41 in earnings, and the amount subject to levy was 25 percent of that amount under section 706.050 and title 15 United States Code section 1673, not 25 percent of $579.41. But the trial court correctly noted, Elena could not levy on money not deposited in Carol's bank account. Therefore she was limited to levying on the nonexempt funds totaling $579.41 in Carol's bank account.

9

## V

## RETIREMENT PLAN CLAIM OF EXEMPTION

Elena contends the trial court erred in granting in part Carol's claim of exemption. The court granted an exemption to the $310 in disbursed funds from Carol's 401K under section 704.115.

Section 704.115 provides an exemption for personal retirement plan funds, which otherwise would be available for enforcement of a money judgment. Section 704.115 provides in relevant part:

"(a) As used in this section, 'private retirement plan' means:

"(1) Private retirement plans, including, but not limited to, union retirement plans.

"(2) Profit-sharing plans designed and used for retirement purposes.

"(3) Self-employed retirement plans and individual retirement annuities . . . .

"(b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment or death benefit from a private retirement plan are exempt. . . ." "The purpose of this exemption is to safeguard a source of income for retirees at the expense of creditors. [Citation.]" (*Yaesu Electronics Corp. v. Tamura* (1994) 28 Cal.App.4th 8, 13.)

An order granting or denying a claim of exemption is appealable. (§ 703.600; *Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 626.) The scope of an exemption under section 704.115 is a question of law, which we review de novo. (*Lieberman v. Hawkins* (*In re Lieberman*) (9th Cir. 2001) 245 F.3d 1090, 1091.) We construe the exemption statute, so far as practicable, in favor of the judgment debtor, in this case,

10

Carol. (*Schwartzman,* at p. 630.)  The trial court's order is presumed correct, and must be upheld if supported by substantial evidence.  (*Id.* at p. 626; *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 872-874.)  All evidence must be viewed in the light most favorable to the respondent as the prevailing party, and all evidentiary conflicts or inferences must be resolved in support of the trial court's order.  (*Schwartzman,* at p. 626.)  Where there is no evidentiary conflict or the facts are undisputed, this court may draw its own conclusions of law.

Carol's 401K plan and funds distributed from her 401K account, such as the $310 amount at issue, are exempt under section 704.115, subdivision (a)(1), because a 401K plan is a private retirement plan.  Nevertheless, Elena argues that sections 704.114 and 703.070, provide an exemption exception for necessary support payments.  Section 704.114, subdivision (a) provides:  "Notwithstanding any other provision of law, service of an earnings assignment order for support, or an order or notice to withhold income for child support on any public entity described in Section 704.110, other than the United States government, creates a lien on all employee contributions in the amount necessary to satisfy a support judgment as determined under Section 695.210 to the extent that the judgment remains enforceable."

Section 704.114 is inapplicable because it concerns an order of assignment, served on a public entity described in section 704.110, in "satisfaction of a judgment for child, family, or spousal support" against the judgment debtor.  (§ 704.110, subd. (c); § 704.114, subd. (a).)  The instant case does not concern an earnings assignment order served on a public entity and the assignment order is not for payment of court-ordered

11

child, family, or spousal support. The order in this case involves funds from Carol's private retirement 401K plan and Circle K employment earnings. Furthermore, the preliminary injunction order arises from defendants' failure to pay Elena support under contractual Affidavits of Support, which defendants executed in connection with Elena's naturalization in this country.

Elena's reliance on section 703.070 is also misplaced. Section 703.070 provides:

"Except as otherwise provided by statute:

"(a) The exemptions provided by this chapter or by any other statute apply to a judgment for child, family, or spousal support.

"(b) If property is exempt without making a claim, the property is not subject to being applied to the satisfaction of a judgment for child, family, or spousal support.

"(c) Except as provided in subdivision (b), if property sought to be applied to the satisfaction of a judgment for child, family, or spousal support is shown to be exempt under subdivision (a) in appropriate proceedings, the court shall, upon noticed motion of the judgment creditor, determine the extent to which the exempt property nevertheless shall be applied to the satisfaction of the judgment. In making this determination, the court shall take into account the needs of the judgment creditor, the needs of the judgment debtor and all the persons the judgment debtor is required to support, and all other relevant circumstances. The court shall effectuate its determination by an order specifying the extent to which the otherwise exempt property is to be applied to the satisfaction of the judgment." Again, this provision is inapplicable because it concerns a

12

judgment for court-ordered child, family, or spousal support, not contractual support under an Affidavit of Support in furtherance of naturalization.

Citing title 15 United States Code sections 1673 and 1672, and sections 410[4] and 706.052, Elena argues that the term "support," referred to in sections 704.114 and 703.070, encompasses support agreed to in an affidavit of support. Elena has not cited any case law, nor are we are aware of any, construing these statutes as applying to contractually agreed-upon support pursuant to an affidavit of support.

Section 706.052 provides as follows:

"(a) Except as provided in subdivision (b), one-half of the disposable earnings (as defined by Section 1672 of Title 15 of the United States Code) of the judgment debtor, plus any amount withheld from the judgment debtor's earnings pursuant to any earnings assignment order for support, is exempt from levy under this chapter where the earnings withholding order is a withholding order for support under Section 706.030.

"(b) Except as provided in subdivision (c), upon motion of any interested party, the court shall make an equitable division of the judgment debtor's earnings that takes into account the needs of all the persons the judgment debtor is required to support and shall effectuate such division by an order determining the amount to be withheld from the judgment debtor's earnings pursuant to the withholding order for support.

---

[4] We note there is no section 410.

13

"(c) An order made under subdivision (b) may not authorize the withholding of an amount in excess of the amount that may be withheld for support under federal law under Section 1673 of Title 15 of the United States Code."

The Law Revision Commission Comments indicate that the term "support," as used in section 706.052, refers to court-ordered child, family, or spousal support, not contractual support agreed upon under an affidavit of support in connection with the naturalization process. The Law Revision Commission Comments state that "Subdivision (a) of Section 706.052 prescribes the exemption applicable to a wage garnishment for the collection of delinquent child or spousal support payments except in cases where the court has made an equitable division pursuant to subdivision (b). . . . [¶] [I]f 30 percent of the judgment debtor's earnings are withheld pursuant to a wage assignment for support, an additional 20 percent may be withheld pursuant to the earnings withholding order for the collection of delinquent amounts payable for child or spousal support. [¶] Subdivision (b) makes the 50 percent standard provided by subdivision (a) subject to the power of the court to make an order that more or less of the judgment debtor's earnings be withheld where the earnings withholding order is issued to collect delinquent child or spousal support payments. Subdivision (c) makes clear that the court may not order the withholding of an amount in excess of that permitted by federal law. . . . The authority of the court to make an equitable division of the judgment debtor's earnings between, for example, the debtor and a former spouse, or between a former spouse and a present family, is based on decisions under a former statute."

14

Title 15 United States Code section 1672, cited by Elena, provides no guidance in construing the term "support," as applied to Carol's claim of exemption. The statute merely defines the terms, "earnings," "disposable earnings," and "garnishment."

Title 15 United States Code section 1673 also is inapplicable. Subdivision (b) provides exceptions to restrictions on garnishment of wages, including when attempting to collect "support" but does not expressly extend the term "support" to contractually agreed-upon support, as opposed to court ordered child, family, or spousal support. Subdivision (b)(1) states:

"(1) The restrictions of subsection (a) of this section do not apply in the case of

"(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review."

As with the other provisions cited by Elena, this statute is inapplicable because the instant litigation does not arise from court ordered support, such as child, family or spousal support. It concerns a contractual agreement to provide support and a preliminary injunction for enforcement of the contractually agreed-upon support during the pendency of the breach of contract litigation. We therefore conclude the trial court did not err in granting an exemption to the $310 funds from Carol's 401K retirement account under section 704.115.

15

## VI

## DISPOSITION[5]

The trial court's order is affirmed as modified, as follows:  Carol's claim of exemption is granted in part, as to $310 disbursed from Carol's 401K plan and deposited in her Wells Fargo Bank account; and Carol's claim of exemption is denied in part as to Carol's wages, of which $579.41 deposited in Carol's Wells Fargo Bank account, is subject to levy.

The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
        Acting P. J.


MILLER
        J.

---

[5]  Elena's request for judicial notice, filed on November 12, 2013, is deemed a request to augment the record, and is granted.  The record on appeal is accordingly augmented to include the trial court's minute order in this case, dated July 26, 2010.