**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF
AMERICA,
　　　*Plaintiff-Appellee*,

　　　v.

GENARO ACEVEDO-DE LA
CRUZ,
　　　*Defendant-Appellant.*

No. 15-10418

D.C. No.
4:14-cr-01196-RM-EJM-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Argued and Submitted October 21, 2016
San Francisco, California

Filed January 5, 2017

Before: Carlos T. Bea and Sandra S. Ikuta,
Circuit Judges, and Jane A. Restani, Judge.[*]

Opinion by Judge Ikuta

---

[*] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

## SUMMARY[**]

---

### Criminal Law

Affirming a sentence, the panel held that a violation of a protective order involving an act of violence or credible threat of violence in violation of California Penal Code § 273.6(d) is a categorical crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

### COUNSEL

Henry Jacobs (argued), Law Offices of Henry Jacobs PLLC, Tucson, Arizona, for Defendant-Appellant.

Lauren LaBuff (argued), Assistant United States Attorney; Robert L. Miskell, Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

IKUTA, Circuit Judge:

This appeal raises the question whether a violation of a protective order involving an act of violence or credible threat of violence in violation of section 273.6(d) of the California Penal Code is a categorical crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines").[1]  We review de novo the district court's determination that Genaro Acevedo-De La Cruz's prior conviction constitutes a crime of violence, *United States v. Mendoza-Padilla*, 833 F.3d 1156, 1158 (9th Cir. 2016), and we affirm.

I

We first set forth the legal framework applicable to this appeal.  The federal Sentencing Guidelines impose a base offense level of 8 for defendants convicted of unlawful reentry in violation of 8 U.S.C. § 1326.  *See* U.S.S.G. § 2L1.2(a).  If the defendant had a prior felony conviction for "a crime of violence," the Sentencing Guidelines in effect at the time of Acevedo-De La Cruz's sentencing provided for a

---

[1] All citations to the United States Sentencing Guidelines are to the 2014 manual, which applied at the time of Acevedo-De La Cruz's sentencing.  *See Johnson v. Gomez*, 92 F.3d 964, 968 (9th Cir. 1996). Amendments to the Sentencing Guidelines effective November 1, 2016, eliminated the relevant language in U.S.S.G. § 2L1.2(b)(1)(A)(ii).  U.S. Sentencing Guidelines Manual app. C, amend. 802, at 147–49 (U.S. Sentencing Comm'n 2016).

16-level sentence enhancement. *Id.* § 2L1.2(b)(1)(A)(ii).[2] A "crime of violence" is defined to include any "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 2L1.2, cmt. n.1(B)(iii).[3] "Physical force" for purposes of the Sentencing Guidelines means "force capable of causing physical pain or injury to another

---

[2] U.S.S.G. § 2L1.2, "Unlawfully Entering or Remaining in the United States" provided, in pertinent part:

(a)  Base Offense Level: 8

(b)  Specific Offense Characteristic

(1)  Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.

[3] Application Note 1(B)(iii) to § 2L1.2 provided:

"Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

person." *United States v. Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). To determine whether a prior conviction qualifies as a crime of violence, we use the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). We first identify the elements of the statute of conviction, and then compare those elements to the generic federal definition of a crime of violence to determine whether the statute of conviction criminalizes more conduct than the generic federal crime. *Almanza-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc). If the statute of conviction criminalizes the same (or less) conduct as does the generic federal crime, then the sentence enhancement applies to every conviction under the statute of conviction.[4] *Id*.

When interpreting a state statute of conviction, we look to the state's rules of statutory construction. *Id.* "Under California law, the cardinal rule of statutory construction is to determine the intent of the legislature." *Id.* (quoting *Lieberman v. Hawkins (In re Lieberman)*, 245 F.3d 1090, 1092 (9th Cir. 2001)). To ascertain the intent of the legislature, we look first to the plain language of the statute. *Id.* "We give the language its usual and ordinary meaning, and '[i]f there is no ambiguity, then we presume the lawmakers meant what they said.'" *People v. Gutierrez*, 58 Cal. 4th 1354, 1369 (2014) (alterations in original) (quoting *Mays v. City of Los Angeles*, 43 Cal. 4th 313, 321

---

[4] If the statute of conviction criminalizes more conduct than the generic federal crime, we consider whether the statute is divisible; if it is divisible, then we apply the modified categorical approach. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). Here, we do not need to apply the modified categorical approach because we conclude that a conviction under section 273.6(d) of the California Penal Code is categorically a crime of violence.

(2008)). "When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word." *Wasatch Prop. Mgmt. v. Degrate*, 35 Cal. 4th 1111, 1121–22 (2005).

The conclusion that a state statute criminalizes more conduct than is included in the generic federal definition of a crime of violence "requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Rather, "[i]t requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* To show that realistic probability, the defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*

The state statute of conviction at issue here is section 273.6(d) of the California Penal Code, which criminalizes a violation of a protective order "involving an act of violence or 'a credible threat' of violence."[5] "A credible threat" of violence is defined as "a threat made with the intent and the

---

[5] Cal. Penal Code § 273.6(d) provides:

> A subsequent conviction for [an "intentional and knowing violation" of certain protective orders described in section 273.6(a)], occurring within seven years of a prior conviction for a violation of an order described in subdivision (a) and involving an act of violence or "a credible threat" of violence, as defined in subdivision (c) of Section 139, is punishable by imprisonment in a county jail not to exceed one year, or pursuant to subdivision (h) of Section 1170.

apparent ability to carry out the threat so as to cause the target of the threat to reasonably fear for his or her safety or the safety of his or her immediate family."  Cal. Penal Code § 139(c).

## II

We now turn to the facts of this case.  On April 23, 2015, Acevedo-De La Cruz pleaded guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a).  At sentencing, the district court considered the effect of Acevedo-De La Cruz's previous felony conviction under section 273.6(d) of the California Penal Code for a violation of a protective order involving an act of violence or a credible threat of violence.  The district court concluded that this prior conviction was a categorical crime of violence warranting a 16-level sentence enhancement under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines. Accordingly, district court sentenced Acevedo-De La Cruz to 46 months imprisonment.

## III

On appeal, Acevedo-De La Cruz claims that his conviction under section 273.6(d) of the California Penal Code is not a categorical crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.  He reasons that one element of section 273.6(d) refers only to "a credible threat of violence" while § 2L1.2(b)(1)(A)(ii) refers to a threat of "physical force," and argues that "violence" criminalizes more conduct than "physical force."  In making this argument, Acevedo-De La Cruz relies on the third definition of "violence" in the Merriam-Webster Online Dictionary, which defines "violence" as including "vehement

feeling or expression: fervor." In light of this definition, he contends, section 273.6(d) could criminalize a credible threat of violence without the threatened use of physical force.

No California court has yet construed the word "violence" for purposes of section 273.6(d), so we begin with the plain text of the statute. *Almanza-Arenas*, 815 F.3d at 475. The primary definition of "violence" in the dictionary requires physical force. Black's Law Dictionary defines "violence" as "[t]he use of *physical force*, [usually] accompanied by fury, vehemence, or outrage; [especially] *physical force* unlawfully exercised with the intent to harm." *Black's Law Dictionary* (10th ed. 2014) (emphasis added). The Oxford English Dictionary similarly defines "violence" as "[t]he deliberate exercise of *physical force* against a person, property, etc.; *physically violent* behaviour or treatment;" and "the unlawful exercise of *physical force*, intimidation by the exhibition of such force." *Oxford English Dictionary* (3d ed. 2014) (emphasis added).

When interpreting other state statutes, California courts have adopted this common understanding of the word "violence" in concluding that force can occur without violence, but violence cannot occur without force. *See People v. Babich*, 14 Cal. App. 4th 801, 807 & n.2 (1993) (holding that "violence" under the California false imprisonment statute means "the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint," and noting that such a conclusion is "consistent with applicable dictionary definitions, which suggest *violence always includes force*, but force may or may not include violence" (emphasis added)); *see also People v. Newman*, 238 Cal. App. 4th 103, 108 (2015); *People v. Dominguez*, 180 Cal. App. 4th 1351, 1357

(2010). We see no basis for departing from this common-sense interpretation of "violence" for purposes of section 273.6(d). *See Wasatch Prop. Mgmt.*, 35 Cal. 4th at 1122 ("The court will apply common sense to the language at hand and interpret the statute to make it workable and reasonable."). The usual and ordinary definition of "violence" includes physical force. *See Gutierrez*, 58 Cal. 4th at 1369.

While Acevedo-De La Cruz correctly notes that dictionaries have provided other definitions of "violence," including the expression of vehement feelings, he fails to point us to any "cases in which the state courts in fact did apply [section 273.6(d)] in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193. Nor has he otherwise demonstrated that there is "a realistic probability, not a theoretical possibility" that California would deem the term "violence" to include rhetorical vehemence, without more, for purposes of a violation of section 273.6(d). *Id.* Therefore, Acevedo-De La Cruz's contention that the California legislature intended "violence" under section 273.6(d) to mean the expression of vehement feeling without physical force relies on "legal imagination." *Id.* We conclude that "a credible threat of violence" under section 273.6(d) does not criminalize more conduct than the threatened use of physical force for purposes of § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.

We therefore hold that a conviction under section 273.6(d) of the California Penal Code is a categorical crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the

Sentencing Guidelines. The district court did not err in adding a 16-level enhancement to Acevedo-De La Cruz's sentence.[6]

**AFFIRMED.**

---

[6] Acevedo-De La Cruz's October 27, 2016, motion is granted.