**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MOISES VASQUEZ CATALAN,
AKA Moises Catalan, AKA
Roman Hernandez Rivera,
AKA Moises Catalan
Vasquez,
*Defendant Appellant*.

No. 11-50318

D.C. No.
2:11-cr-00274-JHN-1

OPINION

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted June 6, 2012
Resubmitted November 19, 2012
Pasadena, California

Filed November 19, 2012

Before: Alex Kozinski, Chief Judge, Stephen S. Trott
and Sidney R. Thomas, Circuit Judges.

Per Curiam Opinion

**SUMMARY**[*]

**Criminal Law**

Vacating a sentence for illegal reentry and remanding, the panel held that a November 1, 2012, amendment to the Sentencing Guidelines clarified, rather than altered, existing law in providing that a probation revocation sentence served after deportation should not be used to calculate the "sentence imposed" under U.S.S.G. § 2L1.2(b)(1).

The panel therefore applied the amendment retroactively and concluded that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) rather than a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B).

**COUNSEL**

Anthony Eaglin, Los Angeles, CA, attorney for appellant.

André Birotte Jr., Robert E. Dugdale, Jean-Claude André, United States Attorney's Office, Los Angeles, CA, attorneys for appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

We consider in this appeal whether a "sentence imposed" pursuant to section 2L1.2(b)(1) of the United States Sentencing Guidelines includes a probation revocation sentence served after the defendant was deported. Moises Vasquez Catalan argues that the district court incorrectly calculated his advisory guidelines range by imposing a 16-level enhancement, rather than a 12-level enhancement, pursuant to section 2L1.2(b)(1). The Sentencing Commission recently clarified that a probation revocation sentence served after deportation should not be used to calculate the "sentence imposed" under section 2L1.2(b)(1). Applying this amendment retroactively, we vacate Catalan's sentence and remand for resentencing.

**I**

In 2007, Catalan was convicted of possession for sale of a controlled substance in violation of California law. A state judge sentenced him to serve 180 days in jail followed by 36 months probation. As soon as Catalan completed his jail sentence, he was deported to Mexico. He subsequently entered the United States illegally.

Two years later, California police arrested Catalan for driving without a license. A court sentenced him to 60 days in jail for providing a false name to police. At the time, Catalan was still on probation for his 2007 drug trafficking offense. While Catalan was in jail, the state court revoked his probation and sentenced him to serve an additional 360 days

in jail. After Catalan completed his sentence, he was transferred to federal custody. Catalan pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326.

Section 2L1.2(b)(1) of the Guidelines provides for a 16-level enhancement if "the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ." *Id.* § 2L1.2(b)(1)(A). If the "sentence imposed" for a drug trafficking offense "was 13 months or less," a 12-level enhancement applies. *Id.* § 2L1.2(b)(1)(B).

Catalan argued that the "sentence imposed" included only his 180-day sentence imposed prior to deportation, and not the 360-day sentence imposed when the state court revoked his probation following his illegal reentry. But the district court held that the "sentence imposed" included the probation revocation sentence Catalan served after his deportation and subsequent illegal reentry. Thus, the court found that Catalan's sentence exceeded 13 months and applied the 16-level enhancement. The court sentenced Catalan to 27 months in prison.

**II**

When Catalan was sentenced, the question of whether section 2L1.2(b)(1)'s reference to a "sentence imposed" included a probation revocation sentence served after deportation was unresolved in this Circuit. Other courts were divided on the issue. The district court followed the Second Circuit, which had held that "sentence imposed" included a revocation sentence imposed after deportation because the

"amended sentence, whenever imposed, relates back" to a conviction imposed prior to deportation. *United States v. Compres-Paulino*, 393 F.3d 116, 118 (2d Cir. 2004) (per curiam). In contrast, the Fifth, Seventh, Tenth, and Eleventh Circuits had held that a "sentence imposed" includes only the sentence imposed prior to deportation. *See United States v. Bustillos-Pena*, 612 F.3d 863 (5th Cir. 2010); *United States v. Lopez*, 634 F.3d 948 (7th Cir. 2011); *United States v. Rosales-Garcia*, 667 F.3d 1348 (10th Cir. 2012); *United States v. Guzman-Bera*, 216 F.3d 1019 (11th Cir. 2000). The Tenth Circuit, for instance, reasoned that "the best understanding of § 2L1.2 incorporates a temporal restraint with regard to the imposition of the defendant's earlier sentence." *Rosales-Garcia*, 667 F.3d at 1355.

Recognizing this ambiguity, the Sentencing Commission recently clarified the interpretation in Amendment 764 to the Guidelines, which became effective November 1, 2012. The commentary to section 2L1.2 now states: "The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release, *but only if the revocation occurred before the defendant was deported or unlawfully remained in the United States*." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. app. n.1(B)(vii) (2012) (emphasis added to reflect amendment).

When an amendment to the Guidelines clarifies, rather than alters, existing law, we use the amendment to interpret the Guidelines provision retroactively. *United States v. Morgan*, 376 F.3d 1002, 1010 (9th Cir. 2004); U.S. Sentencing Guidelines Manual § 1B1.11(b)(2) (providing that a court applying a prior Guidelines Manual "shall consider subsequent amendments, to the extent that such amendments

are clarifying rather than substantive changes"). "'An amendment that resolves a circuit split generally clarifies and does not modify existing law.'" *Morgan*, 376 F.3d at 1013 (quoting *United States v. Sanders*, 67 F.3d 855, 857 (9th Cir. 1995)).

Here, the Sentencing Commission stated that the amendment "responds to a circuit conflict" and discussed *Bustillos-Pena*, *Lopez*, *Rosales-Garcia*, *Guzman-Bera*, and *Compres-Paulino.* U.S. Sentencing Guidelines Manual supp. app. C at 11-12 (2012). The Commission stated that the amendment "resolves the conflict." *Id.* at 11. The amendment thus clarified, rather than altered, the relevant provision of section 2L1.2(b)(1). *See United States v. Christensen*, 598 F.3d 1201, 1206 (9th Cir. 2010); *Morgan*, 376 F.3d at 1013-14.

Pursuant to the amendment, which we apply retroactively, we hold that the district court erred in imposing a 16-level enhancement under section 2L1.2(b)(1)(A), rather than a 12-level enhancement under section 2L1.2(b)(1)(B).

**VACATED and REMANDED**.