FILED

NOT FOR PUBLICATION

MAR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10615 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-462-MCE |
| v. | |
| GUADALUPE MARIE CARRILLO-HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued & Submitted December 4, 2012
San Francisco, California

Before: CUDAHY,[**] TROTT, and RAWLINSON, Circuit Judges.

This case concerns U.S.S.G. § 2L1.2(b)(1)(A) and a probation revocation sentence served after the deportation of the defendant.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Guadalupe Marie Carrillo-Hernandez was convicted of drug trafficking and sentenced to 180 days in jail and a three-year probation. She was deported to Mexico. She illegally reentered the United States and thereby violated probation. She was sentenced to two years in prison and she served that sentence. Later, she was indicted for being a deported alien found in the United States. 8 U.S.C. §§ 1326(a), (b)(2). The probation office issued a presentence report, applying a 16-level enhancement, under U.S.S.G. § 2L1.2(b)(1)(A). ("[T]he defendant previously was deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months."). The district court adopted the probation officer's report and applied the 16-level enhancement. Carrillo-Hernandez appeals.

The application of U.S.S.G. § 2L1.2(b)(1)(A) has since been clarified by amendment, U.S.S.G. § 2L1.2 cmt. app. n.1(B)(vii) (2012), and by *United States v. Catalan*, 701 F.3d 331 (9th Cir. 2012) (per curiam). As clarified, "sentence imposed" does not include a probation revocation sentence served after deportation. *See Catalan*, 701 F.3d at 333. Accordingly, the district court erred in applying a 16-level enhancement.

When a district court makes a mistake in calculating the applicable guidelines range, this court applies harmless error review. *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam). An error is harmless if there is no

2

evidence that the errors "if changed, would result in a shorter sentence." *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

In this case, the calculated guidelines range was 57 to 71 months. The correct range was 37 to 46 months. The district court sentenced Carrillo-Hernandez to 46 months. The district court noted that the guidelines were advisory and fashioned a sentence which it believed was fair, just and reasonable.

Though the district court provided a thoughtful and thorough justification for the sentence imposed, it is possible that court may have issued a lower sentence had the court started its analysis with the correct 37 to 46 month guideline range. We are unable to conclude that the district court's error was harmless. Accordingly, we vacate the sentence and remand for further consideration in light of the correct application of U.S.S.G. § 2L1.2(b)(1)(A).

**VACATED AND REMANDED.**



*U.S. v. Carrillo-Hernandez*, Case No. 11-10615
**Rawlinson, Circuit Judge, concurring:**

I concur in the judgment vacating and remanding for reconsideration of the sentence in view of the clarification of the applicable guideline by the United States Sentencing Commission. I express no view on whether the sentence imposed should be changed in any way.