**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30309 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00013-SEH-1 |
| v. | |
| WILLIAM LAWRENCE BARROW, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 10, 2014
Portland, Oregon

Before: GOULD, CHRISTEN, and NGUYEN, Circuit Judges.

William Barrow appeals the district court's sentence after his guilty plea to

one count of conspiracy to possess with intent to distribute heroin and

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Barrow contends that the district court erred in counting the methamphetamine seized from his girlfriend at the detention center in the calculation of total drug quantity when determining his relevant conduct. When determining the drug quantity for which Barrow is responsible, the district court must consider "all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." *United States v. Whitecotton*, 142 F.3d 1194, 1197 (9th Cir. 1998) (quoting U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2014)). The district court applied the correct legal standard and did not abuse its discretion in finding it reasonably foreseeable that Barrow was responsible for the drugs possessed by his girlfriend, which were part of the conspiracy.

2. Barrow next contends that the district court erred in not applying a third-level sentence reduction under § 3E1.1(b) of the Sentencing Guidelines. Shortly after Barrow was sentenced and the district court entered judgment, Amendment 775 to the U.S. Sentencing Guidelines changed the text of Application Note 6 of § 3E1.1(b), and clarified the scope of the government's discretion to withhold a third-level reduction. Amendment 775 undermined our decisions in *United States v. Espinoza-Cano*, 456 F.3d 1126, 1136 (9th Cir. 2006), and *United States v.*

2

*Johnson*, 581 F.3d 994, 1000–07 (9th Cir. 2009). This amendment applies retroactively to Barrow's case because the amendment "clarifies, rather than alters, existing law." *United States v. Catalan*, 701 F.3d 331, 333 (9th Cir. 2012). Rather than apply Amendment 775 to Barrow's sentence for the first time on appeal, we remand for resentencing so that the parties and the district court can apply Amendment 775 in the first instance. *See Dietrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) (plurality opinion) ("[O]ur general assumption is that we operate more effectively as a reviewing court than as a court of first instance.").

3. Barrow finally contends that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors. Since we remand for resentencing, we need not address this contention at this juncture. *See, e.g.*, *United States v. Kilby*, 443 F.3d 1135, 1142–43 (9th Cir. 2006).

The panel will retain jurisdiction of this case should further appellate review become necessary after resentencing.

**VACATED AND REMANDED.**

3