**PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

DELJUAN BANKSTON,
*Defendant-Appellee.*

No. 16-10124

D.C. No.
3:15-cr-00381-SI-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Filed August 23, 2018

Before:  J. Clifford Wallace, Marsha S. Berzon,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Berzon

## SUMMARY[*]

### Criminal Law

On a government appeal in which the panel reevaluated whether California robbery constitutes a "crime of violence" under the Sentencing Guidelines, the panel vacated a sentence for being a felon in possession of a firearm, and remanded for resentencing.

The panel held that under Sentencing Guidelines Amendment 798 (effective August 1, 2016), robbery under California Penal Code § 211 is not a "crime of violence" because it is no longer a categorical match to a combination of Guidelines-described robbery and extortion, and the holding to the contrary in *United States v. Becceril-Lopez*, 541 F.3d 881 (9th Cir. 2008), no longer controls.

The panel held that Amendment 798's alteration of the definition of extortion in the Guidelines' "crime of violence" section is not retroactive. The panel wrote that because the defendant was sentenced before the amendment's effective date, the pre-amendment generic extortion definition applies, and the fact that California robbery is no longer a "crime of violence" is not here applicable.

The panel rejected the defendant's contention that even under the pre-amendment Sentencing Guidelines, his sentencing was improper because those Guidelines were inappropriately—even if not unconstitutionally—vague. The

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel explained that absent vagueness rising to the level of a constitutional violation, there is no rule of law that would allow this court to strike down a Guidelines section because it is ambiguous.  The panel concluded that the defendant's prior California robbery convictions should have been considered "crimes of violence" under the Guidelines, and that the district court erred in holding to the contrary.

The panel rejected the defendant's argument that, on remand, the district court would be required to apply the not-retroactive, narrower definition of extortion adopted in Amendment 798.  The panel could not say with certainty that the district court's sentencing error was harmless, and remanded for resentencing under the 2015 Guidelines in effect on the date the defendant was previously sentenced.

## COUNSEL

Merry Jean Chan (argued), Assistant United States Attorney; J. Douglas Wilson, Chief, Appellate Division; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellant.

Grace R. DiLaura (argued) and Todd M. Borden, Assistant Federal Public Defenders; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, San Francisco, California; for Defendant-Appellee.

**OPINION**

BERZON, Circuit Judge:

In this case, we reevaluate whether California robbery constitutes a "crime of violence" under the United States Sentencing Guidelines. We hold that, under Amendment 798 to the Sentencing Guidelines, California robbery is not a "crime of violence." But that holding does not help defendant Deljuan Bankston. Bankston was sentenced six months before the effective date of Amendment 798—and, as we now hold, the portion of that amendment applicable here is not retroactive. Bankston's efforts to avoid the consequences of that lack of retroactivity are valiant but unpersuasive.

**I.**

In 2015, Deljuan Bankston pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Bankston had two prior convictions for California robbery under California Penal Code § 211. The presentence report suggested that both robbery convictions constituted "crimes of violence" under the 2015 United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.2, 2K2.1 (2015). Bankston objected, arguing that the Guidelines' "crime of violence" section was void for vagueness.

The district court, agreeing with Bankston, held that the section was unconstitutionally vague. In February 2016, the district court sentenced Bankston to 33 months' imprisonment, the high end of the range she had calculated under the 2015 Guidelines, followed by three years of supervised release. The government timely appealed.

## II.

We first consider Bankston's argument that amendments to the Sentencing Guidelines, made after Bankston was sentenced, render unnecessary a review of the district court's reasoning.

## A.

The United States Sentencing Guidelines increase the recommended sentence for a defendant convicted of certain crimes, including the crime of being a felon in possession of a firearm, if that defendant has previously been convicted of a "crime of violence." U.S.S.G. §§ 2K2.1(a)(1)–(a)(4), 4B1.2 (2016).[1]

"To determine whether a prior conviction qualifies as a crime of violence, we use the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990)." *United States v. Acevedo-de la Cruz*, 844 F.3d 1147, 1149–50 (9th Cir. 2017). In applying the categorical approach to the "crime of violence" Guideline enhancement, we first identify the elements of the statute of conviction and the federal definition of a "crime of violence." *Id.* at 1150. We then compare the two by asking if the statute of conviction "proscribes the same amount of or less conduct than that

---

[1] The current version of the Guidelines states: "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . ." U.S.S.G. § 4B1.2(a) (2016).

qualifying [under the applicable federal standard]"; if so, "the two offenses are a categorical match." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc) (internal quotation marks omitted). "But if the statute of conviction sweeps more broadly than the generic crime,"—i.e., if the statute criminalizes more conduct than the federal standard covers—"a conviction under that law cannot categorically count as a qualifying predicate even if the defendant actually committed the offense in its generic form." *United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018) (internal quotation marks and brackets omitted).[2]

Here, Bankston's state statute of conviction was California's robbery statute, California Penal Code § 211. Section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. "[F]ear . . . may be either:" (1) "[t]he fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family;" or

---

[2] If the statute of conviction is not categorically a "crime of violence," we ask a follow-up question: Is the statute divisible, i.e., does it "set[] out one or more elements of the offense in the alternative"? *Martinez-Lopez*, 864 F.3d at 1038 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "If 'a defendant was convicted of violating a divisible statute,' a court may employ the modified categorical approach, for which it must 'identify, from among several alternatives, the crime of conviction so that the court may compare it to the generic offense.'" *Brown*, 879 F.3d at 1047 n.1 (quoting *Descamps*, 570 U.S. at 263–64). We need not pursue this line of inquiry as to a California robbery conviction under California Penal Code § 211. Because "[t]he disjunctively worded phrases in the statute and [its] jury instructions are alternative means, not alternative elements," section 211 "is not divisible." *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015).

(2) "[t]he fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212. So, among other things, "[s]ection 211 . . . encompasses mere threats to property, such as 'Give me $10 or I'll key your car' or 'Open the cash register or I'll tag your windows.'" *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

By contrast, generic federal robbery, included in the definition of a "crime of violence," U.S.S.G. § 4B1.2(a)(2) (2016); *accord* U.S.S.G. § 4B1.2 cmt. n.1 (2015), does not extend to threats to property, *Becerril-Lopez*, 541 F.3d at 891. California robbery is thus not a categorical match for generic federal robbery.

But that's not the end of the story. Under the Sentencing Guidelines, "crimes of violence" can be robbery *or* extortion (among other crimes not here relevant). U.S.S.G. § 4B1.2(a)(2) (2016); *see also* U.S.S.G. § 4B1.2 cmt. n.1 (2015). In *Becerril-Lopez*, we adopted a generic definition of extortion. We noted that, "[u]nlike robbery, the threats that can constitute extortion under the modern statutes include threats to harm property and to cause other unlawful injuries." *Becerril-Lopez*, 541 F.3d at 891, 892. Given this property-threat-inclusive definition of generic extortion, *Becerril-Lopez* reasoned, California robbery *was* a categorical match for generic robbery *and* generic extortion, taken together. *Id.* at 891–93.

But the Guidelines have changed. As we explained in *United States v. Edling*, 895 F.3d 1153 (9th Cir. 2018), *Becerril-Lopez*'s definition of generic extortion—which includes the threats to property—is no longer controlling as to "crimes of violence." *Id.* at 1157. Here's why: The United

States Sentencing Commission substantially amended the Guidelines' "crime of violence" section effective August 1, 2016, in Amendment 798. U.S.S.G., Supp. Appx. C, Amend. 798 (Aug. 1, 2016). The comments to the amended version provided for the first time a specific definition of extortion. *See id.* at 131. Under Amendment 798, "'Extortion' is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1 (2016); U.S.S.G. Supp. Appx. C, Amend. 798 (Aug. 1, 2016).

We recently considered whether Amendment 798's extortion definition affects the reach of the "crime of violence" Guideline as applied to a state robbery statute and concluded that it can. In light of its text, context, and the rule of lenity, *Edling* held, "the Guidelines' new definition of extortion narrows the offense by requiring that the wrongful use of force, fear, or threats be directed against the person of another, not property." *Edling*, 895 F.3d at 1157. Therefore, Nevada robbery, which *can* "rest on fear of injury to property alone," does not any longer categorically match a combination of Guidelines-defined extortion and generic federal robbery. *Id.*

So here. Under Amendment 798, Guidelines-defined extortion does not criminalize extortion committed by threats to property; California robbery does. California robbery is thus no longer a categorical match to a combination of Guidelines-described robbery and extortion, and *Becerril-Lopez*'s holding to the contrary no longer controls.

## B.

But that conclusion does not mean that Bankston prevails. Bankston's sentence was imposed about six months before Amendment 798's effective date. Our question, then, is whether the Amendment applies retroactively. It does not.

"When an amendment to the Guidelines clarifies, rather than alters, existing law, we use the amendment to interpret the Guidelines provision retroactively." *United States v. Catalan*, 701 F.3d 331, 333 (9th Cir. 2012); *see* U.S.S.G. § 1B1.11(b)(2). As other courts have explained, "A clarifying amendment changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant." *United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004) (internal quotation marks and citation omitted); *accord United States v. Smaw*, 22 F.3d 330, 333 (D.C. Cir. 1994).

"[I]t may not always be easy to determine whether an amendment clarifies or changes a guideline." *United States v. Morgan*, 376 F.3d 1002, 1011 (9th Cir. 2004) (internal quotation marks and citation omitted). "Among the factors that guide our inquiry, three figure most prominently: (1) whether the amendment is included on the list of retroactive amendments found in U.S.S.G. § 1B1.10(c); (2) whether the Commission itself characterized the amendment as a clarification; and (3) whether the amendment resolves a circuit conflict." *Id.* at 1010–11. "[T]he second and third factors examine whether the Commission meant to clarify *existing law*, not whether . . . the Commission made a substantive change in order to create a new law that is now clearer on its face and in application." *United States v. Adkins*, 883 F.3d 1207, 1212 (9th Cir. 2018).

As both parties agree, the first and third factors are not here met. We have already observed that the Commission did not include Amendment 798 on its list of retroactive amendments. *Id.* And, as in *Adkins*, the Commission did not here explain its change to the "crime of violence" extortion definition as one "resolving a circuit split," *id.*; there was no split to resolve.

As to the remaining factor—whether the Commission characterized the extortion amendment as a clarification—the Commission did not use such language. Instead, the Commission noted, "While most offenses on the enumerated list under § 4B1.2(a)(2) remain the same, the amendment does *revise* the list in a number of ways to focus on the most dangerous repeat offenders." U.S.S.G., Supp. Appx. C, Amend. 798, at 129 (Aug. 1, 2016) (emphasis added). This language is best interpreted to mean that the addition of a definition of extortion in the commentary was one such "revis[ion]," *id.*, rather than a clarification.

Our interpretation finds additional support in the Commission's specific comments as to the new extortion definition. The Commission explained that it intended to "narrow[] the generic definition of extortion," as established in "case law existing at the time of this amendment," "by limiting the offense." *Id.* at 131. There is no indication that the Commission believed the "case law existing at the time of th[e] amendment" had strayed from the original intent of the Guidelines. *Id.* Rather, the definition represented a *new* "narrow[ing]" and "limiting" of the definition of a "crime of violence," which neither the Commission nor the courts had previously adopted. *Id.* The Commission's language thus reflects a substantive change to the extortion definition, not a clarifying one.

The amendment was, to be sure, to the Guidelines' commentary rather than to the text itself. We have not before considered the location of an amendment within the Guidelines' structure when determining its retroactivity. Several other courts have, holding an amendment's location in the commentary to be "some indication" an amendment is clarifying, *United States v. Huff*, 370 F.3d 454, 466 (5th Cir. 2004), particularly when the amendment "merely supplement[s] commentary carried over from an earlier version of the Guidelines," rather than "contradict[ing] or alter[ing] preexisting commentary," *United States v. Jerchower*, 631 F.3d 1181, 1185 (11th Cir. 2011).

But no court has found the location of an amendment an independently determinative reason to categorize an amendment as clarifying. For example, in the Fourth Circuit, "whether the amendment changes a guideline's commentary or its actual text is relevant though not conclusive; amendments to the commentary on a guideline may be substantive, and amendments to the text of a guideline may be merely clarifying." *United States v. Butner*, 277 F.3d 481, 489 (4th Cir. 2002) (citation omitted).

We agree that, at most, the inclusion of new language in Guidelines commentary rather than in the text of a Guideline can be *some* indication that clarification rather than substantive change was intended. But whether it is such an indication still depends principally on the language, impact, and history of the change. Here, there is no indication *other* than the location in commentary that suggests that Amendment 798's change to the definition of extortion is clarifying, and there are several reasons to believe it was substantive. Under these circumstances, the extortion

definition's location in the commentary is an insufficient basis to conclude that the change is clarifying.

We hold that Amendment 798's alteration of the definition of extortion in the Guidelines' "crime of violence" section is not retroactive.[3]  Because Bankston was sentenced before August 1, 2016, the pre-amendment generic extortion definition applies, and the fact that California robbery is no longer a "crime of violence" is not here applicable.

## III.

Bankston maintains that, even under the pre-amendment Sentencing Guidelines, his sentencing was improper because those Guidelines were inappropriately—even if not unconstitutionally—vague.  We do not agree.

In 2015, the Guidelines provided that:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another,[4] or

---

[3] As in *Adkins*, we do not consider the retroactivity of other portions of Amendment 798.  *See Adkins*, 883 F.3d at 1212–13.

[4] This clause is known as the "force clause" (or, alternatively, the "elements clause").

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives,[5] or otherwise involves conduct that presents a serious potential risk of physical injury to another.[6]

U.S.S.G. § 4B1.2 (2015). The commentary to that section explained that the term "'Crime of violence' includes . . . robbery [and] . . . extortion," among other crimes. U.S.S.G. § 4B1.2 cmt. n.1 (2015).

As we have already noted, under this pre-August 2016 version of the definition of a "crime of violence," we repeatedly held that "a conviction under California Penal Code § 211—which necessarily involves either generic robbery or generic extortion—was categorically a 'crime of violence' for purposes of the career offender provision." *United States v. Barragan*, 871 F.3d 689, 714 (9th Cir. 2017); *accord United States v. Chavez-Cuevas*, 862 F.3d 729, 736–40 (9th Cir. 2017); *United States v. Flores-Mejia*, 687 F.3d 1213, 1214–16 (9th Cir. 2012); *Becerril-Lopez*, 541 F.3d at 891–93.

The district court here acknowledged this line of cases. But it reasoned that the three clauses in the "crime of violence" definition could no longer reach California robbery, because: (1) California robbery was not a categorical match for the force clause, *see Dixon*, 805 F.3d at 1197–98; (2) the

---

[5] This clause, the first half of section 4B1.2(a)(2), is known as the "enumeration clause."

[6] This clause, the second half of section of section 4B1.2(a)(2), is known as the "residual clause."

enumeration clause did not list robbery; and (3) *no* crime, California robbery included, could categorically match the residual clause, as that clause was as unconstitutionally vague as the identical language in the Armed Career Criminal Act struck down in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the Guidelines "crime of violence" language itself could not reach California robbery, the district court reasoned, the commentary interpreting that Guideline as specifically reaching extortion and robbery could not be used to do so.

But the Supreme Court thereafter broke a link in the district court's logical chain. After the district court issued its decision, the Supreme Court held that the Sentencing Guidelines "are not subject to vagueness challenges under the Due Process clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Because the Guidelines' residual clause "was still in place at the time the district court sentenced [Bankston] and survived constitutional challenge in *Beckles*," *Adkins*, 883 F.3d at 1213, California robbery could still be properly considered a "crime of violence" under the residual clause and the commentary interpreting it.

Bankston acknowledges that the district court's logic is no longer valid. But he maintains that, even though the Guidelines' "crime of violence" section may not be challenged on constitutional vagueness grounds, "it is still so unclear that it cannot be accurately interpreted."

The problem with the position is apparent: Absent vagueness rising to the level of a constitutional violation, there is no rule of law that would allow us to strike down a Guidelines section because it is ambiguous.

Moreover, the commentary to the applicable "crime of violence" section clearly identified both generic robbery and generic extortion as "crimes of violence" under the residual clause. *See* U.S.S.G. § 4B1.2 cmt. n.1 (2015). We heretofore have had no problem "accurately interpret[ing]" the relationship of those two generic crimes and California robbery.[7]

We therefore hold that Bankston's prior California robbery convictions should have been considered "crimes of violence" under the Guidelines, and that the district court erred in holding to the contrary.

## IV.

"A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing." *United States v. Maria-Acosta*, 780 F.3d 1244, 1256 (9th Cir. 2015) (quoting *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam)). With that general principle in mind, we consider Bankston's two independent arguments that the district court's Guidelines calculation error was harmless.

First, Bankston suggests that, on remand, the district court would be required to apply the not-retroactive, narrower definition of extortion adopted in Amendment 798. He is incorrect.

---

[7] In fact, we have already rejected a similarly "misplaced" argument "focus[ed] on the inscrutability of § 4B1.2(a)(2)," when holding an attempted first degree murder conviction under Washington law a "crime of violence." *United States v. Studhorse*, 883 F.3d 1198, 1207 (9th Cir. 2018).

Under 18 U.S.C. § 3742(g), "A district court to which a case is remanded . . . shall resentence a defendant" by "apply[ing] the guidelines issued by the Sentencing Commission . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal." Prior to Bankston's appeal, he was sentenced under the Guidelines then in effect—the 2015 Guidelines—so, on remand, he will be resentenced under those same 2015 Guidelines. The Guidelines' *initial sentencing* mandate, that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced," is not inconsistent with the separate statutory mandate as to defendants who are resentenced. U.S.S.G. § 1B.11 (2015).

Second, Bankston maintains that "the sentencing record in this case makes it clear that the district court would impose the same sentence upon any remand." "[W]e do not agree that it is so certain that the district court would have imposed the same sentence." *Brown*, 879 F.3d at 1051.

It is entirely possible that the district court could exercise its discretion to impose the same sentence on remand—particularly in light of Bankston's ability to argue for the same sentence based on the later-enacted, more narrow definition of extortion, as well as the fact that Bankston has already been released from prison and is on supervised release. And the district court already found that the sentence imposed was "the appropriate sentence for this defendant under these circumstances," including the circumstances of Bankston's lack of relationship with his parents, who were addicted to drugs; his exposure to violence in his neighborhood at a young age; the effect his grandmother's death had on him after he cared for her as a teenager; and the lack of programming he had received after he "went right off

the rails" after his grandmother died; all compared against the "hugely dangerous" gun crime he committed.

Yet "[n]othing in the sentencing colloquy suggests that the sentencing judge stated that [s]he would impose the same sentence regardless of the Guidelines calculation because of the mitigation factors." *United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012). In fact, the sentencing judge in Bankston's case was less definitive as to Bankston's sentence than in other cases in which we have found a lack of harmlessness. For example, *Munoz-Camarena* held that the "district court's mere statement that it would impose the same above-Guidelines sentence no matter . . . the correct calculation cannot, without more, insulate the sentence from remand, because the court's analysis did not flow from an initial determination of the correct Guidelines range," and because "the extent of a variance" from the Guidelines could have affected the court's analysis. 631 F.3d at 1031; *accord United States v. Gardenhire*, 784 F.3d 1277, 1283–84 (9th Cir. 2015); *United States v. Hymas*, 780 F.3d 1285, 1292 (9th Cir. 2015); *United States v. Gomez*, 757 F.3d 885, 909 (9th Cir. 2014).

"[A] one-size-fits-all explanation ordinarily does not suffice" in light of a Guidelines calculation error—and it does not suffice here. *Munoz-Camarena*, 631 F.3d at 1031. As we cannot say with certainty that the district court's sentencing error was harmless, we must remand for resentencing.

## V.

We **VACATE** Bankston's sentence and **REMAND** for resentencing consistent with this opinion.