**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. STEVEN ROBERT WESLEY, Jr., Defendant-Appellant. | No. 17-10147 D.C. No. 3:16-cr-00024-LRH MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 19, 2019[**]

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Steven Robert Wesley, Jr., appeals from the district court's judgment and challenges the 130-month sentence imposed following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wesley contends that the district court erred by sentencing him as a career offender because neither the instant offense of bank robbery, nor his prior convictions for California robbery in violation of California Penal Code § 211, are crimes of violence under U.S.S.G. §§ 4B1.1 and 4B1.2 (2016). We review these claims de novo. *See United States v. Simmons*, 782 F.3d 510, 513 (9th Cir. 2015).

Wesley's contention that bank robbery is not a crime of violence is foreclosed. *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018). Wesley is correct, however, that under Amendment 798 to the Sentencing Guidelines, which became effective before Wesley was sentenced, California robbery is not a crime of violence. *See United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir. 2018) (California robbery is not a categorical match to a combination of robbery and extortion because the amended definition of extortion "does not criminalize extortion committed by threats to property; California robbery does."). We, therefore, vacate and remand for resentencing. On remand, the district court shall only assess three criminal history points for Wesley's 2015 California robberies because they no longer qualify as crimes of violence. *See* U.S.S.G. § 4A1.1(e). In addition, unless the government is able to show that Wesley has two other prior convictions for crimes of violence,[1] the district court

---

[1] Because the issue is not before us, we express no opinion as to whether any of Wesley's prior convictions for offenses other than California robbery are crimes of violence under the Guidelines.

shall not apply the career offender enhancement to Wesley's base offense level or criminal history category.

**VACATED AND REMANDED for resentencing.**