NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50409 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00851-LAB-1 |
| v. | |
| JORGE AARON CEJA-VALDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 12, 2019[**]
Pasadena, California

Before:  TASHIMA and BYBEE, Circuit Judges, and HARPOOL,[***] District Judge.

Appellant Jorge Ceja-Valdez appeals the district court's denial of his motion

to dismiss the indictment pursuant to 8 U.S.C. § 1326(d).  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

under 28 U.S.C. §§ 1291 and 1294(1).  On de novo review, *United States v. Reyes-Bonilla,* 671 F.3d 1036, 1042 (9th Cir. 2012), we affirm.

## I

Appellant argues that his underlying 2013 removal order is invalid because the immigration judge advised him that he was not eligible for voluntary departure because his prior conviction under California Penal Code (CPC) § 211 was a crime of violence.  This argument is foreclosed by our recent decision in *United States v. Martinez-Hernandez,* No. 16-50423, 2019 WL 3332591, at *5 (9th Cir. July 25, 2019), which held that CPC § 211 is an aggravated felony because it qualifies as a categorical generic theft offense under 8 U.S.C. §1101(a)(43)(G).  As a result, we affirm.

## II

Appellant appeals his September 14, 2015 sentence under U.S.S.G. § 2L1.2. Appellant received a 16-level increase for his prior aggravated felony conviction due to his robbery conviction being treated as a crime of violence.  This Court has held that a California robbery conviction is "no longer a categorical match to a combination of Guidelines-described robbery and extortion and *Becerril-Lopez's* holding to the contrary no longer controls."  *United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir. 2018).  However, this Court also held the amendment's alteration of the definition of "crime of violence" is not retroactive.  *Id.* at 1105.

Appellant was sentenced prior to August 2016, when the amendment took effect. As a result, the amendment does not impact Appellant's sentence and we affirm.

## III

The government has filed a Motion for Judicial Notice seeking judicial notice of Appellant's underlying state court conviction records. The motion is denied.

**AFFIRMED.**