**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 21-10116 |
| | 21-15028 |
| Plaintiff-Appellee, | |
| v. | D.C. Nos. |
| | 2:18-cv-02146-APG |
| TRACEY L. BROWN, | 2:11-cr-00334-APG-GWF-1 |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

In these consolidated appeals, Tracey L. Brown appeals from the district

court's orders denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct

his sentence, and his motion to amend his § 2255 motion. We have jurisdiction

under 28 U.S.C. § 2253. We review de novo, *see United States v. Hill*, 915 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

669, 673 (9th Cir. 2019), and we affirm.

Brown contends that his conviction and sentence for brandishing a firearm under 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery is not a qualifying predicate offense. As Brown acknowledges, we recently reaffirmed that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020). Contrary to Brown's contention, *Dominguez* controls because Brown has not shown that it is "clearly irreconcilable" with intervening higher authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Brown also challenges the district court's denial of his motion to amend his § 2255 motion to add a claim that, under Amendment 798 to the Guidelines, he is entitled to resentencing without the career offender enhancement. The district court treated this claim as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and denied amendment as futile. We agree that Brown is not entitled to relief under § 3582(c)(2). Amendment 798 had no impact on the 2014 Guidelines under which Brown was sentenced. *See United States v. Bankston*, 901 F.3d 1100, 1103-04 (9th Cir. 2018). Brown's argument that the district court should have used a later version of the Guidelines is beyond the scope of a § 3582(c)(2) motion. *See* U.S.S.G. § 1B1.10(b)(1); *Dillon v. United States*, 560 U.S. 817, 825-26, 831 (2010) (district court considering a § 3582(c)(2) motion may

not consider any guideline application question beyond the change made by the amendment).

We treat Brown's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**